UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JON LANDRY,

                Plaintiff,

v.

**Hon. Hugh B. Scott**

09CV1086

(CONSENT)

KENNETH NANCE,
JGM COACH, LLC,

**Order**

                Defendants.

---

Before the Court is defendants' motion to compel (Docket No. 31[1]). Defendants seek an Order compelling authorizations from plaintiff, costs and sanctions (id.). Responses to this motion were due by February 9, 2011, and any reply by February 16, 2011, with the motion then being deemed submitted (without oral argument) on February 16, 2011 (Docket No. 32).

BACKGROUND

This is a removed action based upon diversity jurisdiction arising from an accident in a motor coach. Plaintiff, a Massachusetts resident and minor-league hockey player, was in a motor coach owned by defendant JGM Coach, LLC[2], and driven by defendant Kenneth Nance[3] when,

---

[1] In support of this motion, defendants submitted their attorney's affirmation with exhibits, Docket No. 31. In opposition, plaintiff submitted his attorney's affirmation, Docket No. 33.

[2] Alleged to be a Montana corporation, transacting business in Pennsylvania, Docket No. 1, Notice of Removal ¶ 9, Ex. B, State Compl. ¶ 2.

[3] Alleged to be a resident of Pennsylvania, Docket No. 1, Notice of Removal ¶ 9, Ex. B, State Compl. ¶ 4.

on November 29, 2007, the coach was involved in an accident, injuring plaintiff[4] (Docket No. 1, Notice of Removal ¶¶ 7-9, Ex. B, State Complaint ¶¶ 1, 2, 11, 4). After a game in Cincinnati, Ohio, the team bus for the Elmira Jackals (including plaintiff) had an accident on Interstate Route 90 near Harborcreek, Pennsylvania (id. ¶¶ 14, 16).

Defendants answered (Docket No. 1, Notice of Removal, Ex. C, State Ans.) and filed a Notice of Removal of the action to this Court (id.).

*Defense Motion to Compel*

In plaintiff's Answer to Interrogatories regarding his injuries and damages, he claims that but for the November 2007 accident and the injuries he sustained, he would have played in the minor league American Hockey League and then the National Hockey League (Docket No. 31, Defs. Atty. Affirm. ¶ 7, Ex. D, Pl. Responses to First Set of Interrog. ¶ 17), essentially claiming damages of AHL and NHL salaries lost due to his injuries (id. Defs. Atty. Affirm. ¶ 7). Plaintiff signed as free agent with the Columbus Blue Jackets of the National Hockey League for 2007-2009. The Elmira Jackals is the East Coast Hockey League affiliate of the Columbus Blue Jackets. (Id. Defs. Atty. Affirm., Ex. D, Pl. Responses to First Set of Interrog. ¶ 17).

On January 26, 2011, defendants moved to compel production (Docket No. 31), contending that plaintiff's entire medical record concerning his ability to play professional hockey is relevant to this case, thus they made requests for authorizations for several of plaintiff's medical providers (id. Defs. Atty. Affirm. ¶¶ 8-9, 28). They note plaintiff's resistance

---

[4]Others on the motor coach were injured. One, Daniel Boeser, commenced a separate action against these defendants, while another person injured who also sued, Daniel LaCosta, stipulated to dismiss his claims, LaCosta, Boeser v. Nance, JGM Coach, LLC, No. 09CV199, Docket Nos. 19 (Stipulation), 24 (Order adopting Stipulation); see Landry v. Nance, No. 09CV1086, Docket No. 1, Notice of Removal ¶ 11.

2

to discovery or to extending the Scheduling Order to allow completion of discovery (id. ¶¶ 10-12, Ex. E). On November 16, 2010, defendants wrote requesting signed authorizations, but plaintiff's counsel responded asking for reasons for these authorizations (id. ¶ 13, Exs. F, G). Defendants identified the medical providers named in the authorizations (id., Ex. H). Plaintiff did not respond, so defendants wrote again, on January 3, 2011, renewing the request for authorizations as well as adding additional providers named by the Elmira Jackals (id. ¶ 15, Ex. I). Defendants have not received these authorizations, while plaintiff noted in his motions to extend the Scheduling Order (Docket No. 25, Pl. Motion, Pl. Atty. Supporting Aff. ¶ 5; Docket No. 29, Pl. [Second] Motion, Pl. Atty. Supporting Aff. ¶ 5) that "[e]xtensive medical, education and other records sought by defendants from plaintiff are still in the process of being gathered" (Docket No. 31, Defs. Atty. Affirm. ¶¶ 18, 19, 23, Exs. J, K). Defendants contend that plaintiff is using his inaction in failing to comply with discovery demands (id. ¶ 27). Defendants also did not receive records from "Cressey Performance," a Massachusetts training facility specializing in developing aspiring professional athletes (id. ¶ 17). They thus seek plaintiff's records from Cressey Performance and unlimited HIPPA-compliant authorizations for seven medical providers and the State Insurance Fund (id. ¶ 29).

Plaintiff states that the authorizations sought were produced on February 8, 2011 (Docket No. 32, Pl. Atty. Affirm. ¶ 3). As for the Cressey Performance documents, plaintiff claims that authorization was provided to defendants and they could have obtained materials from Cressey Performance directly (id. ¶ 4). Plaintiff's counsel then contacted Cressey Performance and then sent the documents to defendants on February 7, 2011 (id.). He notes the production he has made to defendants' discovery (id. ¶ 5) as well as defendants' failures to timely respond to

3

plaintiff's discovery demands (id. ¶ 6). He also considers some of the authorizations are redundant (id. ¶ 7) and the requests to three entities (CHUBB, Orthopedic and Sports Therapy, and the State Insurance Fund) were made less than 30 days prior to the motion to compel, thus depriving plaintiff time under Rule 34 to respond to the discovery demand (id. ¶ 8).

Defendants did not file a reply.

DISCUSSION

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). If the motion to compel is granted, or discovery is provided after filing the motion, the Court

> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

4

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007).

As for the authorizations and documents produced in the face of the motion to compel (see Docket No. 33, Pl. Atty. Reply Affirm. ¶¶ 3-4), defendants' motion is **deemed moot**. Under Rule 37(a)(5), the fact that plaintiff did produce in this manner still may subject him or his counsel to discovery sanctions.

As for defendants' motion to compel production of authorizations and documents within the thirty-day period of Rule 34 request from CHUBB, Orthopedic and Sports Therapy, and the State Insurance Fund (see Docket No. 33, Pl. Atty. Reply Affirm. ¶ 8), adding this production in defendants' pending motion to compel was premature. If plaintiff fails to adequately produce these items after expiration of the thirty days, then defendants could make a new motion to compel this specific production, despite the fact plaintiff may have learned of these sources later. Any discovery sanction to be imposed here should **not** include defendants efforts to produce these items.

## CONCLUSION

For the reasons stated above, defendants' motion to compel (Docket No. 31) is **deemed moot in part** for so much of plaintiff's production of sought discovery in the face of this motion and **denied in part as premature** as to defense requests for production prior to the expiration of the thirty-day period for production under Federal Rule of Civil Procedure 34.

Since defendants prevailed in obtaining sought discovery in the face of this motion, plaintiff should show cause why discovery sanctions under Rule 37(a)(5) should not be imposed;

plaintiff shall respond within fourteen (14) days of entry of this Order. Defendants shall submit their reasonable motion expenses recoverable for their motion (as described above, excluding defendants' costs in moving to obtaining authorizations and documents from plaintiff regarding CHUBB, Orthopedic and Sports Therapy, and the State Insurance Fund) within twenty-one (21) days of entry of this Order. Plaintiff may then respond to defendants' application within twenty-eight (28) days of entry of this Order.

So Ordered.

                                          */s/ Hugh B. Scott*
                                          Honorable Hugh B. Scott
                                          United States Magistrate Judge

Dated: Buffalo, New York
       February 25, 2011